UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **CHRISTOPHER DOYLE** | **CIVIL ACTION NO. 06-0923** |
| **VS.** | **SECTION P** |
| **LYNN COOPER, WARDEN** | **JUDGE MINALDI** |
| | **MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. §2254) filed by *pro se* petitioner Christopher Doyle on June 5, 2006.  Doyle is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Avoyelles Corrections Center, Cottonport, Louisiana where he is serving the thirty year sentence imposed following his January 2003 conviction on charges of attempted murder in the Thirty-Third Judicial District Court, Allen Parish.  This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

*Statement of the Case*

On January 17, 2003 petitioner was found guilty as charged of attempted second degree murder. [doc. 1-1, p. 1; doc. 1-3, p. 5] Petitioner's Motions for New Trial, Post-Verdict Judgment of Acquittal, and Modification of Verdict [doc. 4, Exhibits, pp. 13-21] were filed and disposed of prior to sentencing. On February 6, 2003 petitioner was sentenced to serve 30 years at hard labor without benefit of parole. Petitioner's Motion to Reconsider Sentence was denied. [doc. 1-3, p. 5]

Petitioner moved for an appeal and in due course, court- appointed appellate counsel filed an appeal arguing two assignments of error – (1) sufficiency of the evidence and (2) excessiveness of sentence. [doc. 4, Exhibits, pp. 23-39]  On November 5, 2003 petitioner's

2

judgment of conviction and sentence were affirmed in an unpublished opinion of the Third Circuit Court of Appeals. See *State of Louisiana v. Christopher Doyle*, 2003-00702 (La. App. 3 Cir. 11/5/2003), 857 So.2d 41. [See also, slip opinion, doc. 4, Exhibits, pp. 40-52] Petitioner did not seek further direct review by filing an application for writs in the Louisiana Supreme Court. [doc. 4-1, p. 3, paragraph 4] Accordingly, pursuant to 28 U.S.C. §2244(d) petitioner's judgment of conviction "... became final by ... the expiration of the time for seeking such review..." 30 days later, or on December 5, 2003 when the delays for seeking further direct review in Louisiana's Supreme Court expired.[1]

Petitioner filed a *pro se* application for post-conviction relief on May 27, 2004. [doc. 4, Exhibits, pp. 56-78[2]] Petitioner argued the following claims for relief,

> Claim One – "Although petitioner was advised of his *Miranda* /Constitutional rights, he contends that the way the interview was conducted and the fact that he was not free to leave created a coercive atmosphere denying petitioner's U.S. Constitutional Rights, 4, 5, 6 and 14." [doc. 4, Exhibits, pp. 67-73]
>
> Claim Two – "To prove attempt[ed] second degree murder of Kenneth Cloud, the State was required to establish that petitioner had specific intent to kill and that he committed an overt act in furtherance of that [goal]." [*id.*, pp. 73-75]
>
> Claim Three – "Petitioner was intoxicated and drugged, and this condition was involuntary, and the circumstances indicated this condition is the direct cause of the commission of the crime, petitioner should have been exempt from any criminal responsibility." [*id.*, pp. 75-76]
>
> Claim Four – "Petitioner was denied effective assistance of counsel when trial counsel failed to request a jury instruction on the defense of involuntary intoxication, and the trial court err[ed] when giving the jury instruction." [*id.*, pp.

---

[1] Under the provisions of Louisiana Supreme Court Rule X, §5(a) Petitioner had "within thirty days of the mailing of the notice of the original judgment of the court of appeal" to file his application for certiorari to the Louisiana Supreme Court.

[2] Respondent alleged that petitioner's application for post-conviction relief was not filed until January 24, 2005 [doc. 12-1, p. 9], however, the available evidence does not support this claim.

76-78]

On January 24, 2005 petitioner's application for post-conviction relief was denied by the trial court. [doc. 4-1, p. 6][3]

On February 11, 2005 petitioner submitted an Application for Writs to the Third Circuit Court of Appeals. [doc. 4, Exhibits, pp. 81-98] Petitioner argued the following:

> I. The trial court erred when it found petitioner's application to be without a claim that relief can be granted.
>
> II. The trial court erred when it analyzed petitioner's application for post-conviction relief under the standard used for pre-trial motions.
>
> III. The trial court erred by applying an incorrect evaluation of the facts. [doc. 4, Exhibits, p. 82]

Petitioner also attached a copy of the Memorandum in Support of his Application for Post-Conviction Relief which had been filed in the district court. [*id.*, pp. 84-98]

The writ application was assigned the Third Circuit's Docket Number 05-00169-KH. [doc. 4, Exhibits, p. 79] On March 22, 2005, the Third Circuit denied writs finding, "... no error in the trial court's ruling..." *State of Louisiana v. Christopher Doyle*, KH 05-00169 (La. App. 3 Cir. 3/22/2005) (unpublished). [*id.*, p. 80]

On April 15, 2005, petitioner submitted a writ application to the Louisiana Supreme Court. The matter was assigned docket number 2005-KH-1411. [doc. 4, Exhibits, p. 99] Petitioner's Supreme Court writ application argued that the lower courts "... erroneously interpreted and applied the constitution and laws of this state, as well as the constitution and laws of [the] United

---

[3] Petitioner was instructed to provide a copy of the trial court's Reasons for Judgment or Judgment dismissing his application for post-conviction relief. In his amended petition he claimed that he was providing a copy of the document, however, the document was <u>not</u> submitted with his exhibits. Further, the Respondent was directed to provide a complete record. However the respondent provided only the record on appeal and did not provide any post-conviction pleadings or orders.

4

States..." and that the decisions of the lower courts "... conflicts with a decision of other courts of appeal, this court, or the Supreme Court of the United States on the same legal issue." [doc. 4, Exhibits, pp. 103-104] Again, petitioner attached a copy of the Memorandum in Support of his Application for Post-Conviction Relief to his writ application. [*id*., pp. 107-121]

On February 17, 2006, the Louisiana Supreme Court denied writs without comment. See *State of Louisiana ex rel. Christopher Doyle v. State of Louisiana*, 2005-1411 (La. 2/17/2006), 924 So.2d 1004. [See also doc. 4, Exhibits, p. 100]

Petitioner signed his federal *habeas corpus* petition on May 31, 2006; it was received and filed on June 5. The precise contours of petitioner's claims were difficult to decipher because he did not set forth specifically numbered claims for relief. Therefore, the undersigned specifically directed petitioner to "... amend his pleadings to set forth specific numbered claims for relief." [doc. 3, emphasis supplied]

On September 12, 2006 petitioner filed a Motion to Amend [doc. 4-1] and an appendix of Exhibits. With regard to the directive to provide specific numbered claims for relief, petitioner ignored this order and referred the court to his previously filed memorandum. [doc. 4-1, p. 2] Nevertheless, a comparison of the memorandum in support of petitioner's *habeas corpus* petition with the memorandum in support of petitioner's application for post-conviction relief reveals that the documents are virtually identical. The undersigned will therefore presume that petitioner desires to argue the claims raised in his application for post-conviction relief:

> Claim One: "Although petitioner was advised of his *Miranda* / Constitutional Rights, he contends that the way the interview was conducted and the fact that he was not free to leave created a coercive atmosphere denying petitioner's U.S. Constitutional Rights, 4, 5, 6, and 14." [doc. 4, Exhibits, p. 67]
>
> Claim Two: "To prove attempt[ed] second degree murder ... the State was required to establish that petitioner had specific intent to kill and that he committed an overt

5

act in furtherance of that go[al]." [*id.*, p. 73]

Claim Three: "Petitioner was intoxicated and drugged, and this condition was involuntary, and the circumstances indicated this condition [was] the direct cause of the commission of the crime [therefore] petitioner should have been exempt from any criminal responsibility." [*id.*, p. 75]

Claim Four: "Petitioner was denied the effective assistance of counsel when trial counsel failed to request a jury instruction on the defense of involuntary intoxication, and the trial court error when giving the jury instruction." [*id.*, p. 76]

On November 2, 2006 the undersigned directed service of process on the respondent and specifically directed production of certified copies of all post-conviction proceedings. [doc. 5, p. 3, paragraph 4.] On December 21, 2006 respondent submitted a response and a copy of the trial and appeal record; however, respondent did not provide a copy of the post-conviction proceedings. [doc. 12 and Exhibits]. In the response, the respondent seeks to have the court dismiss this petition as untimely and/or for failure to properly exhaust the available state court remedies.

*Law and Analysis*

*1. Timeliness*

Respondent objected to the timeliness of petitioner's *habeas corpus* alleging that petitioner's judgment of conviction became final for AEDPA purposes on November 5, 2003 when the Third Circuit Court of Appeals affirmed petitioner's conviction in their unpublished opinion. Respondent further argued that petitioner "... did not file anything else until he filed a collateral attack by means of a Petition for Post-Conviction Relief on January 24, 2005..." [doc. 12-1]

As shown above, respondent's factual and legal analysis is flawed. As shown above, the pleadings, exhibits, and published jurisprudence establish that petitioner did not seek further direct review of his conviction and sentence in the Louisiana Supreme Court. His judgment of conviction and sentence therefore became final by "the expiration of the time for seeking such review."

6

Under Louisiana Supreme Court Rule X, §5(a), petitioner had a period of thirty days following the mailing of the judgment of the Court of Appeals within which to file his petition for *certiorari*.[4] Since the Third Circuit Court of Appeals affirmed petitioner's conviction on November 5, 2003, petitioner's judgment of conviction and sentence became final for AEDPA purposes thirty days later, or on or about December 5, 2003 when the Rule X delays for filing in the Supreme Court lapsed. Petitioner therefore had one year, or until December 5, 2004, to file his federal *habeas corpus* petition.

Respondent claims that petitioner did not file his Application for Post-Conviction Relief until January 24, 2005. If that allegation can be established as fact, then Respondent's motion to dismiss should be granted. However, as shown above, Respondent has not provided the post-conviction record in this case and has thus presented nothing to substantiate his allegation that petitioner waited until January 24, 2005 to file his post-conviction pleading.

Further, the record submitted by petitioner includes a letter dated August 13, 2004 from the Allen Parish Clerk of Court. According to that letter, "On May 27, 2004 our office received Mr. Doyle's application for post conviction relief. Our records indicate that on May 27, 2004 this was forwarded to the Judge's office and as of August 13, 2004 we have never received it back." [See doc. 4, Exhibits, at p. 53]

In other words, the law and evidence establish that petitioner's judgment of conviction became final for AEDPA purposes on December 5, 2003; his application for post-conviction relief must be considered to have been filed on May 27, 2004 when his pleadings were received by the

---

[4] Supreme Court Rule X, §5(a) provides in part, "An application seeking to review a judgment of the court of appeal ... shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal..."

Allen Parish Clerk of Court. [doc. 4, Exhibits, p. 53] Thus, a period of only 174 days elapsed before petitioner was able to toll the limitations period as provided by §2244(d)(2). Based on the evidence currently available, it appears that the post-conviction proceeding remained pending and thus continued to toll the AEDPA limitations period until February 17, 2006 when the Louisiana Supreme Court denied writs.  Thereafter, a period of 103 un-tolled days elapsed between the date that the collateral attack was no longer pending and May 31, 2006 the date petitioner filed his federal habeas petition.

In other words, it appears that only 277 days of the 365 day limitations period elapsed between the date petitioner's judgment of conviction became final by the conclusion of the time to seek further direct review and the date he filed his federal petition.

## 2. Exhaustion

Respondent also argues that petitioner did not exhaust his ineffective assistance of counsel claim. According to Respondent, "The Petitioner did not bring up the ground of ineffective assistance of counsel on appeal in the State Court. He brings it up for the first time in his Application for *Habeas Corpus*. He failed to argue this at that time or object to it at trial in this matter. It is the argument of Respondent that he failed to exhaust all remedies in State Court, so he should be barred from doing so in Federal Court at this time. . . .  Ineffective Assistance of Counsel is not a ground for relief for post-conviction proceedings under section 2254 of this section (28 U.S.C. §2254(I)." [doc. 12-1, p. 10]

While it is true that petitioner did not argue an ineffective assistance of counsel claim on direct appeal, it does appear that he raised such a claim in his application for post-conviction relief.  As shown above, petitioner submitted copies of his post-conviction brief in his applications for writs in the Third Circuit and the Louisiana Supreme Court. Further, it appears that the brief in

8

support of this habeas corpus application is virtually identical to the briefs submitted to the Louisiana courts.

In short, contrary to Respondent's claim, it does appear that the ineffective assistance of counsel claim has been fairly presented to the Louisiana courts and therefore the claim has been exhausted.

For these reasons,

**IT IS RECOMMENDED** that the Respondent's Motion to Dismiss based on timeliness and exhaustion be **DENIED.**

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, May 1, 2007.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE